IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CLYDE JOE PARKER | § | |
| v. | § | CIVIL ACTION NO. 9:09cv110 |
| PATRICK DICKENS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Clyde Parker, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his complaint and at an evidentiary hearing, Parker contended that he attempted to send a letter to the FBI, but it was intercepted by an officer named Flemming, who then told other inmates that Parker was a snitch. Parker was assaulted by his cellmate, an inmate named Washington, on January 30, 2009. He was moved to another location, but on February 24, 2009, he was again assaulted by his new cellmate, an inmate named Patton.

Parker explained that he had mailed another letter to the FBI on February 24, 2009, the day that Patton assaulted him. When asked how other inmates knew that he was sending letters to the FBI, Parker explained the prison system had an "amplifier" which would amplify what he was thinking so that everyone could see what he was thinking, writing, and doing. He stated that the Texas Department of Criminal Justice had a device which was reading his brain waves; Parker said

1

that to his knowledge, he did not have a chip inside of his body, but that there was a device somewhere on the unit which captured his thoughts.

TDCJ records show that Parker had repeatedly complained that his life was in danger and that numerous investigations have been conducted, but none of his complaints have ever been substantiated. Parker filed a previous lawsuit in this Court complaining of deliberate indifference to his safety, and the evidence in that case showed that nine life endangerment investigations were conducted between January of 2006 and February of 2008, and he was repeatedly moved from cell to cell because of problems with his cellmates; one investigation report quoted Parker as saying that he would continue to file life endangerment complaints until he was housed by himself. Parker v. Currie, civil action no. 9:08cv16, 2008 WL 4147757, dismissed as frivolous August 29, 2008, appeal dismissed as frivolous 359 Fed.Appx. 488, 2010 WL 10924 (January 4, 2010).

In the present case, the Magistrate Judge ordered the Defendants to answer, and the Defendants urged that the lawsuit be dismissed because Parker is barred by the three-strikes provision of 28 U.S.C. §1915(g). On April 28, 2010, the Magistrate Judge issued a Report recommending that Parker's *in forma pauperis* status be revoked and that the lawsuit be dismissed based on Section 1915(g). Parker filed objections to the Report on May 13, 2010.

In his objections, Parker acknowledges that he has three strikes, but argues that he does not fall under the statute because he has shown an imminent danger of serious physical injury. However, the pleadings, testimony, and evidence belie this claim. Repeated investigations have failed to sustain Parker's allegations that he is imminent danger, and his contention that officers and inmates know what he is thinking and doing because of a device which reads his brain waves is science fiction and fantasy. As the Fifth Circuit noted in Parker v. Currie, "for Parker, any assignment to a general population unit was objectionable. As he admitted at his Spears hearing, he made it plain to certain prison officials that he would keep filing complaints until he was housed by himself." While that case was filed two years prior to the present one, the evidence in the present case makes clear that this is simply a continuation of Parker's previously expressed plan to keep complaining

that his life is in danger until he achieves the goal which he is seeking, an assignment to a single cell. Parker has failed to show that he is in imminent danger of serious bodily injury so as to trigger the exception to 28 U.S.C. §1915(g), and his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and testimony in this case, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 55) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $350.00 filing fee. Should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed as though the full filing fee had been paid from the outset. It is further

ORDERED that the Plaintiff's *in forma pauperis* status is hereby REVOKED. Finally, it is hereby

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED** this the **30** day of **June, 2010.**

_____
Thad Heartfield
United States District Judge